1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHERI C. JOHNSON,

               Plaintiff,

     v.

AMAZON.COM INC. and MEGAN
PETE,

               Defendants.

CASE NO. 2:24-cv-01070-JNW

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS

## 1.    INTRODUCTION

This matter comes before the Court on Defendants Megan Pete and Amazon's

motions to dismiss pro se Plaintiff Sheri Johnson's amended complaint. Dkt. Nos.

38, 41. Having reviewed the briefing, the record, and the law, the Court GRANTS

the motions to dismiss for the reasons described below.

## 2.   BACKGROUND

Pro se Plaintiff Sheri Johnson, who performs professionally under the name

"HotPink," filed her original complaint on July 18, 2024. Dkt. No. 4. She amended

her complaint twice, with the latest complaint—the operative complaint—being

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 1

1
2
3
4
5

filed on October 16, 2024.[1] Dkt. No. 37. Johnson sues Defendants Amazon and Megan Pete, professionally known as "Megan Thee Stallion," alleging they violated Washington's Personality Rights Act (RCW 63.60) by misappropriating her likeness and that they intentionally inflicted emotional distress on her through an Amazon Prime Day commercial featuring Pete. Dkt. No. 37 ¶ 3.

6
7
8
9
10
11
12
13
14
15
16
17

Johnson's claims stem from an Amazon Prime Day advertisement that she saw on July 17, 2024, in which Pete, a resident of Texas, "wore long sleeve black lace attire, held a light purple cell phone, and presented herself as a chef." *Id*. ¶ 14. Johnson alleges these attributes are "directly tied to [Johnson's] persona." *Id*. In support of her claims, Johnson alleges that "[she] has developed her public image over decades, a reputation that is recognized within the entertainment and culinary industries," that "[t]he title 'Hot Girl,'" and "long sleeve black attire are identifiable elements that set her apart from others in the field," and that "her identity as a rapper, her culinary expertise, and her fashion choices" have "been widely acknowledged by industry professionals and the public." *See id*. ¶¶ 16–17. She alleges that Defendants misappropriated her likeness by "mimick[ing] [her] persona, creating a likelihood of confusion among the public and leading to the

18
19
20
21
22
23

---

[1] It is unclear whether Johnson's second amended complaint ("SAC") was filed in accordance with Fed. R. Civ. P. 15(a)(2). Johnson did not obtain the Court's approval before filing, and while Defendants submitted a certificate of conferral with on October 14, see Dkt. No. 32, the Court cannot discern whether they expressly consented to such amendment. In any case, because neither Defendant objects to the amendment, and in light of the principle that Rule 15 is to be applied with "extreme liberality," the Court grants leave to amend *nunc pro tunc* and construes the SAC as the controlling complaint. See *Eldrige v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1986) ("Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.")

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 2

1

2

impression that Plaintiff endorsed or was affiliated with Amazon Prime." *Id.* ¶¶ 19–20.

3

4

5

6

7

As for her emotional distress claims, Johnson alleges that "[t]he conduct of the Defendants has directly caused [her] severe emotional distress, manifesting in anxiety and depression, necessitating medical intervention," and, as a result, "the Defendants are liable for damages due to the extreme and outrageous nature of their conduct." *Id.* ¶ 30.

8

9

10

Amazon and Pete now move to dismiss Johnson's claims, arguing that Johnson fails to state a claim for either misappropriation of likeness or intentional infliction of emotional distress. *See* Dkt. Nos. 38, 41.

11

12

**3.  DISCUSSION**

13

**3.1    Legal standard.**

14

15

16

17

18

19

20

21

22

Courts will grant a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While Rule 8 does not demand detailed factual allegations, it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 679. "Conclusory allegations of law and unwarranted inferences will not defeat an

23

otherwise proper motion to dismiss." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *see* Fed. R. Civ. P. 8.

Under the Federal Rules of Civil Procedure, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Therefore, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988))).

**3.2    Johnson fails to state a claim under Washington's Personality Rights Act.**

Washington's Personality Rights Act ("Act") creates a property right in an individual's "name, voice, signature, photograph, or likeness." RCW 63.60.010. The Act defines "likeness" as "an image, painting, sketching, model, diagram, or other clear representation . . . of an individual's face, body, or parts thereof, or the distinctive appearances, gestures, or mannerisms of an individual." *Id*. § 020(5). And it defines "name" as "the actual or assumed name, or nickname, of a living or deceased individual that is intended to identify that individual." *Id*. § 020(6).

Infringement occurs when someone "uses or authorizes the use of a living or deceased individual's or personality's name, voice, signature, photograph, or likeness . . . for purposes of advertising products, merchandise, goods, or services . . .

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 4

without written or oral, express or implied consent of the owner of the right, has

infringed such right." RCW 63.60.050 (2008). But the Act exempts the use of

someone's name or likeness in connection with "satire," or when its use is otherwise

"insignificant, de minimis, or incidental . . . ." *Id.* §§ 070(1)–(6).

Amazon argues that Johnson fails to plausibly allege that Pete or Amazon

used her entertainment name, "HotPink," in Amazon's commercial, or that they

otherwise misappropriated her likeness. Dkt. No. 41 at 9–10. The Court agrees and

finds that Johnson's claim for misappropriation of likeness fails for several

independent reasons.

### 3.2.1    Johnson fails to plausibly allege that the Defendants used her "name."

"Personality rights, [] do not afford each individual the right to exclude others

from the commercial use of a name." *See In re Powell*, No. C17-1268RSL, 2017 WL

3977337, at *2 (W.D. Wash. Sept. 11, 2017). Rather, for a "nickname" to be

protectable, "the sobriquet nickname must be in the most common present use so

that it clearly identifies the person seeking recovery." *Abdul-Jabbar v. Gen. Motors

Corp.*, 85 F.3d 407, 415 (9th Cir. 1996).

While Johnson alleges that she "publicly proclaimed to be a 'Hot Girl'" and

that this title has become "synonymous with [her] identity," Dkt. 37 at 6, she fails to

allege facts showing that the term "Hot Girl" clearly and uniquely identifies her in

the public consciousness. Indeed, Johnson alleges she is primarily known by her

stage name, "HotPink," not simply as "Hot Girl." Dkt. No. 37 ¶ 12. The nickname

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 5

"Hot Girl" is a general descriptor that could apply to many individuals, not a distinctive identifier that clearly identifies Johnson alone.

### 3.2.2    Johnson fails to allege that the Defendants' advertisement depicted her likeness.

"'Likeness' means . . . the distinctive appearance, gestures, or mannerisms of an individual." RCW 63.60.020(5). While the Court could find no Washington cases dealing with when an individual's characteristics are "distinct enough" to warrant protection under the Act, courts in other jurisdictions have consistently rejected misappropriation claims based on general characteristics, clothing choices, or interests that are not uniquely associated with the plaintiff. For example, in *Lohan v. Lake-Two Interactive Software, Inc.*, 31 N.Y.3d 111, 122 (2018)—a case cited by Defendants—actor Lindsay Lohan sued the developer of the popular video game Grand Theft Auto, asserting that the video game used her likeness without her consent. *Id.* at 117–18. Lohan alleged that she was recognizable in the video game because she resembled two characters, one a blonde woman "clad in denim shorts, a fedora, necklaces, large sunglasses, and a white T-shirt," and another "wearing a red bikini and bracelets, taking a 'selfie' with her cell phone, and displaying a peace sign with one of her hands." *Id*. at 118. The Court nonetheless rejected Lohan's "likeness" claim as a matter of law, concluding that the "artistic renderings are indistinct, satirical representations of the style, look, and persona of a modern, beach-going young woman." *Id*. at 123.

Similarly, in *White v. Samsung Electronics Am., Inc.*, 971 F.2d 1395, 1397 (9th Cir. 1992), the Ninth Circuit affirmed that a robot dressed in a white gown and

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 6

jewelry standing next to a game board was not Vanna White's "likeness" under California law because Samsung "used a robot with mechanical features and not, for example, a manikin molded to White's precise features."

Like the plaintiffs in *Lohan* and *White*, Johnson's claimed characteristics lack anything particularly distinct to her. Her threadbare assertions that she is known for her "long sleeve black attire" and that she is a "chef" "known for" her "culinary skills," fall short. Dkt. No. 37 ¶¶ 16–18. These incidental similarities do not plausibly suggest the kind of "distinctive" and recognizable characteristics protected under common law publicity statutes. To the contrary, Johnson's allegations implicate de minimis and insignificant similarities that have explicitly been exempted under the Act. *See* RCW 63.60.070(6). Thus, Johnson fails to state a claim for misappropriating her likeness.

For these reasons, the Court finds that Johnson fails to state a misappropriation claim under the Act. Johnson's claims under Washington's Personality Rights Act are DISMISSED.

**3.3    Johnson fails to state an intentional infliction of emotional distress claim.**

Amazon and Pete argue that Johnson fails to state an intentional infliction of emotional distress claim because her allegations do not rise to the level of outrageousness required to state such a claim. Dkt. No. 41 at 17. The Court agrees.

The tort of outrage is synonymous with a cause of action for intentional infliction of emotional distress ("IIED"). *Repin v. State*, 392 P.3d 1174, 1185 (Wash. Ct. App. 2017). A claim for IIED requires proof of three elements: "(1) extreme and

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 7

outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Trujillo v. N.W. Tr. Servs. Inc.*, 355 P.3d 1100, 1110 (Wash. 2015). In bringing an IIED claim, a plaintiff must demonstrate outrageous conduct so extreme as to go beyond all possible bounds of decency. *Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003). Mere insults, indignities, and annoyances do not rise to the level of outrageousness required for intentional infliction of emotional distress. *Id.* While the elements of a claim for intentional infliction of emotional distress are questions of fact, trial courts—acting as "gatekeepers"—must "make an initial determination as to whether the conduct may reasonably be regarded as so extreme and outrageous as to warrant a factual determination by the jury." *Repin*, 392 P.3d at 1185.

Even taking Johnson's allegations as true, they implicate no more than mere annoyances. There were no physical threats, emotional abuse, or even indignities aimed at Johnson. As such, Defendants' practices, as alleged by Johnson, are not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Birklid v. Boeing Co.*, 904 P.2d 278, 286 (Wash. 1995). Thus, the Court finds that Johnson fails to state an IIED claim. Her IIED claim is therefore DISMISSED.

## 3.4    The Court denies leave to amend.

"A pro se litigant must be given leave to amend [their] complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 8

complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015) ("[The Ninth Circuit has] held that a district court's denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile."); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Despite Johnson amending her complaint twice, her amended complaint is still deficient. Thus, Johnson's failure to state a claim reflects the substantive shortcomings in her case rather than the inartful pleadings of a pro se litigant. Given these substantive shortcomings, the Court finds that further amendment would be futile, as no further amendment could cure these deficiencies. Johnson's claims against Amazon and Pete are therefore DISMISSED with prejudice.

## 4. CONCLUSION

In sum, the Court FINDS that Johnson fails to state a claim on which relief may be granted against Defendants. Because Johnson's amended complaint suffers the same deficiencies as her prior pleadings, the Court FINDS that further amendment would be futile. Accordingly, the Court GRANTS Defendants' motions to dismiss. Dkt. Nos. 38, 41. Johnson's claims are DISMISSED with prejudice, and all remaining motions before the Court (Dkt. Nos. 17, 45) are DENIED as moot.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 9

Dated this 27th day of March, 2025.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS - 10